# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00443-CV

---

**Gregory Ginn, Appellant**

**v.**

**Stephen F. Austin State University, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT**
**NO. 92-09807, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Gregory Ginn appeals from a summary judgment granted Stephen F. Austin State University (ASFA@) by the district court.  SFA terminated Ginn=s employment as an associate professor of management.  During his employment, Ginn made several complaints to SFA about its smoking policies.  Ginn sued, alleging that SFA had violated the AWhistleblower Act@ by basing Ginn=s termination on his smoking-policy complaints.  *See* Act of May 30, 1983, 68th Leg., 1st C.S., ch. 832, ' 2, 1983 Tex. Gen. Laws 4751, 4752 (current version at Tex. Gov=t Code Ann. ' 554.002 (West Supp. 2003)).  The district court granted summary judgment for SFA.  We hold that Ginn=s summary-judgment evidence, even when viewed in the light most favorable to him, did not meet all of the elements of the Whistleblower Act.  We will, therefore, affirm the district court=s summary judgment.

## STANDARD OF REVIEW

Because the propriety of a summary judgment is a question of law, we review the district-court decision *de novo. Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). The standards for review of a traditional summary judgment are well-established: (1) the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant=s favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Here, the district court granted SFA=s motion for a traditional summary judgment. A defendant who moves for a traditional summary judgment has the burden of disproving one essential element of each pleaded cause of action or showing that the plaintiff cannot succeed, as a matter of law, on any theory pleaded. *See San Antonio Express News v. Dracos*, 922 S.W.2d 242, 247 (Tex. App.CSan Antonio 1996, no writ).

## FACTS

Ginn began working for SFA in 1989 as an associate professor of management. At that time, SFA had no policy prohibiting smoking. Ginn contacted the Office of Smoking and Health at the Texas Department of Health and consulted Occupational Safety and Health Administration (AOSHA@) guidelines. Ginn determined through his research that SFA was violating OSHA guidelines by not having a prohibitive smoking policy. Ginn notified officials at SFA of his conclusions. In response, SFA officials told Ginn that although they were not technically violating any laws by not having a nonsmoking policy, they

would try to satisfy his need for a nonsmoking environment. SFA then established a nonsmoking policy that allowed smoking only in certain campus areas and moved Ginn to an office further from those areas. Ginn was not satisfied with these concessions and continued to complain. Ginn first complained in 1990 to SFA officials, including the university president. His contract for employment was renewed that same year. He again complained in 1991. Again, his employment contract was renewed. In 1992, SFA terminated Ginn=s employment.

## DISCUSSION

By his only issue, Ginn asserts that the district court erred by granting SFA summary judgment. Ginn argues that he was terminated in violation of his rights under the version of the Whistleblower Act that was in effect in 1992.[1] The applicable version of the Whistleblower Act states: AA state agency or local governmental body may not suspend or terminate the employment of, or otherwise discriminate against, a public employee who reports a violation of law to an appropriate law enforcement authority if the employee report is made in good faith.@ Act of May 30, 1983, 68th Leg., 1st C.S., ch. 832, ' 2, 1983 Tex. Gen. Laws 4751, 4752. In his brief, Ginn separates the three elements of the

---

[1] Ginn sued SFA in 1992. The current version of the Whistleblower Act does not contain retroactive provisions. *See* Tex. Gov=t Code Ann. ' 554 (West Supp. 2003). Therefore, the 1992 version of the Whistleblower Act applies to Ginn=s case. Act of May 30,1983, 68th Leg., 1st C.S., ch. 832, ' 2, 1983 Tex. Gen. Laws 4751, 4752. Neither party asserts that there are any significant differences between the two versions of the Act that bear upon this case.

Whistleblower Act. However, we need only discuss the causation element.

In *Texas Department of Human Services v. Hinds,* the supreme court set forth the causation standard to be applied in whistleblower cases: A[T]he standard of causation in whistle blower and similar cases should be that the employee=s protected conduct must be such that, without it, the employer=s prohibited conduct would not have occurred when it did.@ 904 S.W.2d 629, 636 (Tex. 1995). *Hinds* requires a Abut for@ causal-nexus requirement between the report of misconduct and the employer=s actions. *Texas Natural Res. Conservation Comm=n v. McDill*, 914 S.W.2d 718, 723 (Tex. App.CAustin 1996, no writ). This Court must determine, taking all of Ginn=s evidence as true and indulging every reasonable inference in his favor, whether Ginn=s reporting of SFA=s smoking policies was the Abut for@ cause of his termination. *See Natividad*, 875 S.W.2d at 699.

Ginn=s evidence reflects that his contract for employment was renewed twice after his smoking-policy complaints to SFA officials. However, his evidence also reflects that: (1) he cursed at a student, using the most profane language; (2) to his class, he referred to a fellow professor by use of an obscene name; (3) he engaged in a heated conversation with the same professor when she confronted Ginn about the name-calling; (4) he banged his head against the wall Amany@ times in order to stretch his calf while his students were taking exams; and finally, (5) he was charged with assault because Ginn shoved his department chair, Warren Fisher, Aas hard as [Ginn] could@ then shoved him two more times while blocking the exit, finally grabbing Fisher by the wrists to prevent him from leaving Ginn=s office.

An employee suing under the Whistleblower Act must prove that without the reports of violations of law, the retaliatory conduct would not have occurred when it did. *See Hinds*, 904 S.W.2d at

4

636. In light of Ginn=s own evidence, even with the benefit of every reasonable, positive inference, and noting again that Ginn=s employment contract was renewed twice after his reports of smoking-policy violations and that he was not terminated until he physically attacked Fisher in Ginn=s university office, we cannot say that the district court erred in finding that there was no issue of material fact regarding the cause of Ginn=s dismissal. We hold that Ginn=s evidence fails to raise an issue of a Abut for@ casual nexus between his report of alleged OSHA violations and the termination of his employment. We overrule Ginn=s only issue.

## CONCLUSION

We affirm the district court=s summary judgment in favor of SFA.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 17, 2003